FILED

## United States District Court
## Northern District of Alabama
## Southern Division

01 OCT 19 AM 8: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Myralia Montgomery, | ] |
| Plaintiff, | ] |
| vs. | ] CV-01-N-0600-S |
| St. James Investor Group, L.l.c., | ] |
| Defendant. | ] |

ENTERED
OCT 19 2001

### Memorandum of Opinion

### I. Introduction.

The court has for consideration defendant's motion to set aside the entry of default judgment,[1] entered by the Clerk of Court July 26, 2001, and defendant's motion to dismiss or, in the alternative, to transfer. (Doc. #15, 16.) Upon due consideration, the motion to set aside the entry of default will be granted and the case will be transferred to the United States District Court for the Southern District of Alabama.

### II. Background.

Plaintiff commenced this action on March 8, 2001, alleging that the defendant discriminated against her in violation of Title VII, 42 U.S.C. § 2000 *et seq.*[2] (Doc. #1.) The return of service indicates that Sam Walker personally served Vicki Quick, private secretary to Larry Striplin, the listed agent for service of process for the defendant, on March 27, 2001.

---

[1] Defendant titled this motion "Motion to Set Aside Judgment Under Rule 60(b)." As noted in its briefing schedule, however, the court treats this as a motion to set aside the entry of default under Rule 55(c) because the court has yet to enter any judgment.

[2] While defendant cited both Title VII and 42 U.S.C. § 1981 as the basis for federal jurisdiction, she relies only upon Title VII in seeking relief in both of her counts.



(Doc. # 4.) Two days later, on March 29, plaintiff moved the court to appoint Sam Walker as a special process server. (Doc. # 2.) This motion was granted on April 2, 2001, several days after Walker allegedly served the defendant. (Doc. # 3.)

On May 17, 2001, plaintiff moved the court for entry of default judgment. (Doc. # 5.) This motion was denied because it did not conform to the requirements of Rule 55, Fed. R. Civ. P. (Doc. # 6.) On July 13, 2001, the court ordered the plaintiff to show cause why the lawsuit should not be dismissed for failure to prosecute. (Doc. # 7.) On July 25, 2001, plaintiff sought entry of default judgment in conformity with Rule 55, Fed. R. Civ. P. (Doc. # 9.) Default was entered by the Clerk on July 26, 2001. (Doc. # 11.) The court set an evidentiary hearing to determine the amount of plaintiff's damages for August 7, 2001. (Doc. # 12.) On August 3, 2001, plaintiff moved the court to continue the evidentiary hearing. (Doc. # 13.) As grounds therefore, plaintiff stated that although she had forwarded several papers to Larry Striplin, the listed agent for service of process for the defendant, she had received notice that he had "never received the copies of plaintiff's pleadings." Plaintiff noted that the postal service returned the package that she had sent to him because there was no such address. Plaintiff claimed that she had encountered no such problems with her earlier deliveries. Plaintiff concluded that "[e]ven though plaintiff attempted to notify the defendant, plaintiff is not sure whether the defendant actually received notice." The court granted plaintiff's motion. (Doc. # 14.)

On August 15, 2001, defendant filed the motions that are currently before the court. Defendant's motion to set aside is premised on its allegation that Larry Striplin did not learn of the lawsuit until early August and thereafter moved expeditiously to protect the

defendant's interest by forwarding all relevant documents to the appropriate representatives. Defendant asserts that the facts surrounding service of process are, at best, murky; that defendant has a defense to the action; that plaintiff has suffered no prejudice due to the delay; and that defendant moved quickly to protect its interests after learning of the lawsuit. Plaintiff responds that defendant was properly served and that defendant is not entitled to raise a 12(b)(5) motion to dismiss for insufficient service of process.[3]

### III. Discussion.

#### A. Motion to Set Aside the Entry of Default.

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside an entry of default for "good cause shown." Rule 55(c), Fed. R. Civ. P. "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). Application of the standard involves the discretion of the court; *see id.* at 952; *see also Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984); but factors that will bear on any decision include whether the defaulting party acted willfully or culpably; whether the defaulting party displayed an intentional or reckless disregard for judicial process; whether the defaulting party acted promptly in attempting to cure the default;

---

[3] The court is rather confused by plaintiff's assertion that defendant has waived its right to move the court to dismiss for insufficiency of service of process under Rule 12(b)(5). It appears to the court that defendant is merely attempting to show that it did not receive notice of plaintiff's lawsuit in an attempt to demonstrate good cause for setting aside the entry of default.

whether setting aside the default would prejudice the opposing party; and whether the defaulting party possesses a meritorious defense. *See id.* at 951-52. No one factor alone compels an answer though, as the search for good cause requires consideration of all circumstances that might warrant the setting aside of the default. *See id.*; *see also Dierschke v. O'Cheskey*, 975 F.2d 181, 184-85 (5th Cir. 1992).

The court is of the opinion that, after application of the foregoing standard, entry of default should be set aside. The court is troubled, to say the least, by the circumstances surrounding service of process in the present lawsuit. The rules regarding service of a limited liability company are clear. As it relates to an Alabama entity, Rule 4, Fed. R. Civ. P., mandates that such an entity be served either pursuant to the laws of Alabama, or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Rule 4(h), Fed. R. Civ. P. Under Alabama law, service of an L.L.C. may be effected by certified mail, or by serving a shareholder or the agent authorized by law or appointment to receive service of process. Rule 4(c)(9), Ala. R. Civ. P. In the present case, the plaintiff sought to utilize a special process server, as indicated by her motion to appoint Sam Walker as such. The court notes, however, that according to the return that he completed, Walker served the defendant two days prior to plaintiff's motion and several days prior to his appointment.

As to the circumstances of service itself, plaintiff, through her brief and the affidavit of Walker, alleges: On March 27, 2001, Walker went to 2924 3rd avenue South in Birmingham for the purpose of serving the summons and complaint in the present lawsuit upon Larry

Striplin, the named agent for service of process of the defendant. (Walker Aff.) Upon entering the building, he was greeted by Vicki Quick, who Walker determined to be the receptionist. (*Id.*) He presented her with the summons and complaint. (*Id.*) After reviewing the summons and complaint, Quick stated "this is for Mr. Striplin," and carried the papers to Striplin's office. (*Id.*) After reviewing the summons and complaint, Striplin came to the door, greeted Walker by his first name, and instructed Quick to accept the summons and complaint on his behalf. (*Id.*) Quick did so. (*Id.*)

Defendant points out a number of issues with Walker's version of service through both its brief and the affidavits of Striplin and Quick. In his affidavit, Striplin states that he has absolutely no recollection of the transaction described by Walker in his affidavit. (Striplin Aff. at ¶6.) He notes that Quick was not a receptionist and had a private office separate from the reception area. (*Id.* at ¶5.) He further notes that he would not have referred to Walker by his first name unless he was wearing a name tag because he did not know Walker. (*Id.* at ¶6.) Finally, Striplin stated that there would be absolutely no reason that he, as the named agent for service of process, would look at the summons and complaint and then, in the presence of the process server, hand the summons and complaint to someone else and tell that person to accept service on his behalf. (*Id.*) Quick, in her affidavit, likewise claimed to have no memory of the events alleged in Walker's affidavit regarding service of process. (Quick Aff. at ¶6.) She reiterated that it would make no sense for her to accept service of process on Striplin's behalf after he had the pleadings in his hands. (*Id.*)

\*      Plaintiff argues that service was proper under Rule 4(h), Fed. R. Civ. P., because Striplin "authorized" Quick to accept service on his behalf. Plaintiff, however, does not back up this assertion with any case law to the effect that a named agent can authorize another to receive service on his or her behalf under Rule 4(h). Plaintiff also notes, in a footnote, that Quick "could actually be an agent" of the defendant. Plaintiff presents no evidence of this, however. In fact, Quick's affidavit indicates that she is employed by Striplin personally. (Quick Aff. at ¶2.) Quick further notes that she has never been the named agent of defendant, nor has she ever been authorized to receive process on its behalf.

There appear to be issues with the return of service as well. Specifically, Walker filled out the portion of the return relating to the service of an individual under Rule 4(e), Fed. R. Civ. P. He claimed to have made personal service on the defendant at 2924 3rd Avenue South in Birmingham. He also indicated that he served a person of suitable age and discretion then residing in the defendant's usual place of abode by serving "Vicki Quick for Larry Striplin." However, he left the portion of the return blank that concerns the service of a corporation or association, the type of service required in the present case.

Another issue that concerns the court is the fact that, according to the plaintiff, papers that she had forwarded to Striplin, as agent for service of the defendant, were returned to her by the postal service because there was no such address as the one to which she had mailed the papers. The exhibit she attached to her motion to continue the evidentiary hearing (Doc. # 13) indicates that the address to which she sent the papers, and which apparently does not exist, is 2924 3rd Avenue South in Birmingham–the same address

at which Walker allegedly served the defendant. Although plaintiff, in her motion to continue the evidentiary hearing, noted that she never encountered a problem with mailing papers in the present lawsuit to the defendant at that address prior to mailing the notice of the evidentiary hearing, there is no evidence to contradict Striplin's assertion that he never learned of the lawsuit until early August, 2001.

Turning to the factors set forth at the beginning of this discussion, the court notes at the outset that the facts surrounding service of process are hotly contested and, as defendant puts it, murky at best. Other courts have stated, and this court agrees, that "'[j]udgments by default are not generally favored; hence, as a general proposition, any doubt should be resolved in favor of permitting a hearing on the merits.'" *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993) (*quoting Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231, 233 (N.D. Ga. 1975)). In the present case, it does not appear to the court that defendant acted willfully or culpably in defaulting, nor did it display an intentional or reckless disregard for the judicial process. As noted earlier, as soon as Striplin became aware of the lawsuit, he acted promptly in attempting to cure the default by forwarding all of the papers he received to defendant's representatives. This is not a case where defendant sat on its rights and unnecessarily delayed the process. On the contrary, it appears that defendant filed a motion to have the entry of default set aside within two weeks of learning of the default. Plaintiff has failed to show how she would be prejudiced by the setting aside of the entry of default. To the contrary, as defendant points out, the vast majority of the delay in this case is attributable to plaintiff's faulty motion for entry of default judgment and her long delay in prosecuting the case after her motion was

denied. Finally, defendant claims to possess a meritorious defense in that the facts as alleged by the plaintiff do not support her claim.

Upon reviewing the record and the parties' submissions in regard to defendant's motion, the court is satisfied that it is well within its discretion to set aside the entry of default. In finding that it is appropriate to set aside the entry of default, the court makes no judgment as to whether service of process was sufficient in this case. Certainly, the court is not called on at the present time to pass such judgment. Moreover, the only reason for which the court reviewed the issues raised by service of process was to determine if good cause exists to set aside default. In that regard, and as indicated above, when all doubts are resolved in favor of a hearing on the merits, the questions raised by service of process in this case indicate good cause to set aside default.

### B.  Motion to Dismiss or, in the Alternative, to Transfer.

Defendant has moved this court, presumably pursuant to Rule 12(b)(3), Fed. R. Civ. P., to dismiss this case for improper venue or, in the alternative, to transfer the case to the United States District Court for the Southern District of Alabama. Because this case arises under Title VII, 42 U.S.C. § 2000 *et seq.*, defendant relies upon the venue statute found in that provision -- 42 U.S.C. § 2000e-5(f)(3) -- which states in pertinent part:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (2001). The defendant argues that "the complaint makes clear that the matters complained of occurred, if at all, at the St. James Hotel in Selma, Dallas County, Alabama, where the plaintiff was employed and where all employment records relating to the plaintiff and her claims are located."[4]  Plaintiff does not dispute this assertion, responding only that the defendant is procedurally barred from raising this defense at the present time.

Plaintiff points to Rule 12(h), Fed. R. Civ. P., which reads in part: "A defense of . . . improper venue . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [pertaining to the consolidation of all Rule 12 defenses in a single motion], or (B) if it is neither made by motion under this rule nor included in a responsive pleading . . . ." Rule 12(h)(1), Fed. R. Civ. P.  Plaintiff argues that, although there is no express time limit included in Rule 12 for the presentation of defenses by motion, defendant has waived its right to assert any 12(b) defenses because it did not do so in a timely fashion. Plaintiff relies on two cases to support its position.[5]  These cases, however, are clearly distinguishable from the present case.

Plaintiff presents the case of *Sanderford v. Prudential Ins. Co.*, 902 F.2d 1232 (11th Cir. 2000), to illustrate the point that a "defendant's studied indifference and deliberate inaction to subsequent notices amounted to a waiver of the defense of insufficiency of process." However, the defendant in *Sanderford* was guilty of a number of procedural

---

[4] Selma is located in the Southern District of Alabama.

[5] Plaintiff also cites *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165 (1939), but only for the proposition that certain 12(b) defenses are subject to waiver if not brought seasonably. Plaintiff does not argue, nor could she, that *Neirbo* is factually applicable to the present case.

improprieties. *Sanderford*, 902 F.2d at 899. Specifically, it was undisputed that he had knowledge of the lawsuit "from the very beginning." *Id.* He was thereafter served with a number of motions relating to default. *Id.* The court found that "[i]t was only after he studiously ignored the various motions and final default judgment had been entered that [defendant] decided to act." *Id.* Although he raised the defense of insufficiency of process, the court noted that process was substantially compliant with the rules and that, because he purposefully waited to raise his 12(b)(4) defense, he had waived the right to do so. *Id.* at 901.

No such egregious conduct has occurred in the instant case. There is evidence that within only a short time of learning of the lawsuit, defendant filed its 12(b) motion to dismiss or transfer for improper venue. This case simply does not present a defendant that "studiously ignored" the pleadings and papers that had been sent to him. In fact, there is evidence that its agent for service never received any of the pleadings and papers that had been sent to him until early August for reasons beyond his control.

Plaintiff's reliance on *Drill South Inc. v. International Fidelity Ins. Co.*, 234 F.3d 1232 (11th Cir. 2000), is likewise misplaced. Presumably, plaintiff relies on a footnote in that case that reads:

> Moreover, like the district court, we believe that International Fidelity's argument that service on Enviro-Group was improper and that no personal jurisdiction attached should have been raised long ago. International Fidelity knew or should have known of the alleged "defects" in the summons no later than February 18, 1997, when Drill South's Motion for Default Judgment, with a copy of the summons attached, was served on International Fidelity. Despite having received a copy of the summons in February 1997, International Fidelity did not raise its defective service argument until twenty-

>   six months after the entry of default judgment against Enviro-Group; twenty-one months after the entry of final judgment against International Fidelity; and five months after entry of the amended final judgment.

*Drill South*, 234 F.3d at 1239 n.12. Again, the facts in the present lawsuit are easily distinguishable from those in *Drill South*. As noted above, the defendant moved to protect its interests as soon as it learned of the lawsuit; it didn't wait until two years after receiving notice of the lawsuit to raise its 12(b) defenses as did the party in *Drill South*. The egregious conduct engaged in by the *Drill South* party simply is not presented by the facts in the present case.

Plaintiff has shown no way in which she would be prejudiced by allowing the defendant to assert any Rule 12(b) defenses that it may possess. She has presented no authority, applicable to the present lawsuit, for the proposition that the defendant has waived its rights to assert such defenses. Considering the facts presented by this case, including the conflicting evidence regarding service of process, the representation of the defendant's agent that as soon as he became aware of the lawsuit, he moved to protect the defendant's interests, and the fact that the papers and pleadings may have been mailed to an incorrect address, the court finds that it would be inequitable to disallow defendant's assertion of its motion to dismiss or transfer pursuant to Rule 12(b)(3).

Venue of this action, under 42 U.S.C. § 2000e-5(f)(3), is proper in the United States District Court for the Southern District of Alabama. The plaintiff was employed there and the records that are pertinent to her lawsuit are located there. The court, therefore, will transfer the present case to that district rather than dismiss it. *See* 28 U.S.C. § 1406(a) (2001).

## IV. Conclusion.

The court will grant defendant's motion to set aside the entry of default judgment and, while denying the motion to dismiss, will grant defendant's alternative motion to transfer pursuant to Rule 12(b)(3). An appropriate order will be entered contemporaneously with this memorandum of opinion.

Done, this __18th__ of October, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE